# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN NUILA-CHAVEZ, ) | 1:08-CV-00403 AWI GSA HC |
| ) | |
| Petitioner, ) | ORDER REQUIRING RESPONDENT TO |
| ) | SUBMIT ANSWER ADDRESSING MERITS |
| v. ) | OF PETITION |
| ) | |
| ) | ORDER REQUIRING RESPONDENT TO |
| LIEUTENANT KEVIN WRIGHT, et al., ) | SUBMIT NOTICE OF APPEARANCE |
| ) | |
| Respondents. ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO SERVE DOCUMENTS |

Petitioner is a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is represented in this action by Robert B. Jobe, Esq.

In this case, Petitioner contends he is being indefinitely detained in violation of his substantive and procedural due process rights and Respondent's statutory authority. 28 U.S.C. § 2241(c)(3) authorizes any person to claim in federal court that he or she is being held "in custody in violation of the Constitution or laws ... of the United States." In Zadvydas v. Davis, 533 U.S. 678, 688 (2001), the Supreme Court concluded "that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." Thus, the petition is proper under 28 U.S.C. § 2241. In addition, Petitioner is currently incarcerated at the ICE

detention facility in Bakersfield, California, which is within the Eastern District of California. Therefore, this Court has jurisdiction to proceed to the merits of the petition. See U.S. v. Giddings, 740 F.2d 770, 772 (9th Cir.1984).

**ORDER**

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[1] the Court HEREBY ORDERS:

1. Respondent SHALL FILE an ANSWER addressing the merits of the Petition within **SIXTY (60)** days of the date of service of this order. Respondent shall include with the response any and all transcripts or other documents relevant to the resolution of the issues presented in the petition, such as the alien file. Rule 5 of the Rules Governing Section 2254 Cases.

2. Respondent SHALL FILE a Notice of Appearance within **TWENTY (20)** days of the date of service of this Order.

3. Petitioner's TRAVERSE, if any, is due on or before **THIRTY (30)** days from the date Respondent's Answer is filed.

4. The Clerk of the Court SHALL serve a copy of this Order along with a copy of the Petition and all exhibits on the Office of the United States Attorney for the Eastern District of California.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 78-230(h). All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

Dated: **March 27, 2008**           /s/ **Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See, Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).