UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN NUILA-CHAVEZ, | ) | 1:08-CV-00403 AWI GSA HC |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| LIEUTENANT KEVIN WRIGHT, et al., | ) | |
| Respondents. | ) | |

**INTRODUCTION**

Petitioner is being detained by the Bureau of Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security following entry of an order of removal from the United States. Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He is represented in this action by Robert B. Jobe, Esq. In the petition filed on March 19, 2008, Petitioner claims he is being unlawfully restrained in violation of the Immigration and Nationality Act and his due process guarantees. He claims his mandatory detention pursuant to 8 U.S.C. § 1226(c) is indefinite in nature and no longer authorized since removal is not reasonably foreseeable in the near future.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is a native and citizen of El Salvador who is currently being detained at the Lerdo

1  Pre-Trial Detention Facility in Bakersfield, California. See Petition at ¶ 9. On April 12, 2005,
2  Petitioner was ordered removed because of two convictions: 1) 1991 - lewd and lascivious acts with
3  a child; and 2) 1999 - failure to register as a sex offender. See Response at p. 2. Petitioner did not
4  appeal the removal order and so it became final on May 12, 2005. Id. at p. 3.
5         Petitioner then filed a petition for writ of habeas corpus in the United States District Court for
6  the Northern District of California. The petition was transferred to the Ninth Circuit Court of
7  Appeals pursuant to the REAL ID Act. See Ninth Circuit Docket No. 05-73043. Petitioner sought
8  and received a stay of removal from the Ninth Circuit. Id. On August 19, 2005, Petitioner was
9  released from ICE custody pursuant to an order of supervision. See Response at p. 3. The Ninth
10 Circuit dismissed the petition for review on January 25, 2006. Id.
11        On March 14, 2006, the Immigration Judge again ordered Petitioner deported, and he was
12 taken back into ICE custody on March 31, 2006. Id. Petitioner filed a petition for review and a
13 request for stay of removal with the Ninth Circuit. See Ninth Circuit Docket No. 06-73671. The
14 appeal was dismissed for failure to prosecute on September 8, 2006.
15        On September 26, 2006, Petitioner filed another stay request and petition for review. See
16 Ninth Circuit Docket No. 06-73681. The Ninth Circuit granted a stay of removal. Petitioner has been
17 in custody since March 31, 2006, subject to annual custody reviews. In October 2006 and October
18 2007, ICE determined that Petitioner should remain in custody pending the conclusion of the petition
19 for review in the Ninth Circuit. See Response at p. 3.

**DISCUSSION**

20
21 I.  Jurisdiction.
22        Habeas corpus relief is appropriate when a person "is in custody in violation of the
23 Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Habeas corpus
24 proceedings pursuant to § 2241 remain available as a forum for statutory and constitutional
25 challenges to the authority of the Attorney General to order detention of an alien; in such a
26 proceeding, the petitioner is not seeking review of the Attorney General's exercise of discretion, but
27 rather is challenging the extent of the authority to detain under the statute, which is not a matter of
28 discretion.  Zadvydas v. Davis, 533 U.S. 678, 688 (2001); Magana Pizano v. Immigration and

Naturalization Service, 200 F.3d 603, 608-09 (9th Cir. 1999); Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir.2006).  The REAL ID Act of 2005, Pub.L. No. 109-13, Div. B., 119 Stat. 231 does not divest the Court of jurisdiction because the Act was "not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'" Hernandez v. Gonzales, 424 F.3d 43 (9th Cir.2005), *quoting* H.R. Cong. Rep. No. 109-72, at 2873 (May 3, 2005). As Petitioner is challenging his continued detention, not the order of removal, the Court has subject matter jurisdiction over this action.

With respect to jurisdiction over the person, 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  It is sufficient if the custodian is within the territorial jurisdiction of the court at the time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. Ahrens v. Clark, 335 U.S. 188, 193 (1948), *overruled on other grounds in* Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. at 193, *citing* Mitsuye Endo, 323 U.S. 283, 305 (1944); Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990).

Review of the petition shows that Petitioner is detained in the Lerdo Pre-Trial Detention Facility located in Bakersfield, California. Bakersfield is within the territorial jurisdiction of this Court. Therefore, the Court has personal jurisdiction.

II.  Exhaustion of Administrative Remedies.

Exhaustion of administrative remedies before seeking relief from the federal courts is required where Congress specifically mandates it; however, when Congress has not clearly required exhaustion, the necessity of exhaustion is entrusted to sound judicial discretion. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (holding exhaustion of a prison grievance procedure unnecessary before a federal prisoner brought a Bivens action seeking only monetary damages, superseded by statutory amendment as noted in Booth v. Churner, 532 U.S. 731, 738 (2001)). Even if exhaustion is

1  not mandated, judicially fashioned principles of exhaustion should be consistent with congressional
2  intent and the applicable statutory scheme. McCarthy v. Madigan, 503 U.S. at 144.
3       Petitioner has fully exhausted his administrative remedies. He has appealed to the Board of
4  Immigration Appeals, the highest administrative level.
5  III.  Authority to Detain Petitioner.
6       The parties contest which regulatory scheme governs Petitioner's current detention.
7  Respondent contends Petitioner is subject to a final order of removal and is therefore subject to the
8  detention and removal provisions of 8 U.S.C. § 1231(a). Petitioner argues he is not subject to a final
9  order of removal because his petition for review is currently pending before the Ninth Circuit Court
10 of Appeals; thus, he is being detained pursuant to the pre-removal order detention statute set forth in
11 8 U.S.C. § 1226. Petitioner's argument is correct, as the Ninth Circuit recently determined in Prieto-
12 Romero v. Clark, 534 F.3d 1053, 2008 WL 2853396 (9th Cir.2008) and Casas-Castrillon v. Dept. of
13 Homeland Security, ___ F.3d ___, 2008 WL 2902026 (9th Cir.2008).
14      Title 8 U.S.C. § 1231(a)(1) provides generally that except as otherwise provided in that
15 section, when an alien is ordered removed, the Attorney General shall remove the alien from the
16 United States within a period of ninety days, the "removal period." Section 1231(a)(2) provides that
17 "[d]uring the removal period, the Attorney General shall detain the alien." However, in
18 § 1231(a)(1)(B), the statute states the removal period does not begin to run until the date of a
19 reviewing court's final order "[i]f the removal order is judicially reviewed and if a court orders a stay
20 of the removal of the alien." Here, Petitioner has filed a petition for review in the Ninth Circuit Court
21 of Appeals, and the Ninth Circuit has ordered a stay of removal. For this reason, as Petitioner
22 correctly argues, the removal period has not yet commenced, and Petitioner's detention is therefore
23 controlled by 8 U.S.C. § 1226. The Ninth Circuit stated in Prieto-Romero, 2008 WL 2853396, *3,
24 "[t]he statute makes clear that when a court of appeals issues a stay of removal pending its decision
25 on an alien's petition for review of his removal order, the removal period begins only after the court
26 denies the petition and withdraws the stay of removal." "When the court of appeals has issued a stay,
27 [], the alien may not be detained under any subsection of § 1231(a) unless and until the court finally
28 denies the alien's petition for review." Id. at *4.

      Therefore, Petitioner is being detained pursuant to section 1226(a), which provides that "an alien may be arrested and detained pending a decision on whether the alien is to removed from the United States."[1] Section 1226(a) grants the Attorney General discretion to determine whether an alien should be arrested and detained, or released on bond or otherwise, pending removal proceedings. However, the Ninth Circuit in Prieto-Romero found that § 1226(a), like § 1231(a)(6), does not authorize *indefinite detention*. Consistent with Zadvydas v. Davis, 533 U.S. 678 (2001), the Attorney General's detention authority under § 1226(a) is limited to the "period reasonably necessary to bring about [an] alien's removal from the United States." Prieto-Romero, 2008 WL 2853396, *6, *quoting* Zadvydas v. Davis, 533 U.S. 678, 689 (2001).

      In this case, Petitioner has been continuously detained since March 31, 2006. This two year and six month detention period is certainly a prolonged period of time. Nevertheless, the Court finds Petitioner's detention to be authorized under § 1226(a), because Petitioner's removal is reasonably foreseeable. Like the petitioner in Prieto-Romero, "[a]lthough [Petitioner's] removal has certainly been delayed by his pursuit of judicial review of his administratively final removal order, he is not stuck in a 'removable-but-unremovable limbo." Id. There is no evidence that Petitioner is unremovable because his home country of El Salvador will not accept him. As soon as the judicial review process is complete, there is no reason to believe Petitioner will not be promptly removed. As in Prieto-Romero, Petitioner's detention is not indefinite and potentially permanent; rather, his removal is reasonably foreseeable. Therefore, his detention is consistent with Zadvydas and authorized by § 1226(a). See also Casas-Castrillon v. Dept. of Homeland Security, ___ F.3d ___, 2008 WL 2902026, *5 (9th Cir.2008) ("[T]here is nothing, such as a lack of a repatriation agreement with his home country or a finding that he merits mandatory relief from removal, that prevents [the detainee's] removal . . . . Accordingly, we hold that the government retains an interest in 'assuring [the detainee's] presence at removal,' and his continued detention remains authorized by Congress."); Lawrence v. Gonzales, 446 F.3d 221, 227 (1st Cir.2006); Sobranes v. Comfort, 388 F.3d

---

[1] Petitioner is also not being detained under the mandatory detention statute set forth in 8 U.S.C. § 1226(c), because that statute applies only to expedited removal of criminal aliens and was to "govern[] detention of deportable criminal *pending their removal proceedings.*" Casas-Castrillon v. Dept. of Homeland Security, ___ F.3d ___, 2008 WL 2902026, *4 (9th Cir.2008), *quoting* Demore v. Kim, 538 U.S. 510, 527-28 (2003).

1  1305, 1311 (10th Cir.2004).

2  Nevertheless, even if Petitioner's continued detention is authorized, "due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" Prieto-Romero, 2008 WL 2853396, *9, *quoting* Zadvydas, 533 U.S. at 690-91. In Casas-Castrillon, the Ninth Circuit held that "the government may not detain a legal permanent resident . . . for a prolonged period without providing him a neutral forum in which to contest the necessity of his continued detention." 2008 WL 2902026, *5. The Court further stated that "prolonged detention of aliens is permissible only where the Attorney General finds such detention individually necessary by providing the alien with an adequate opportunity to contest the necessity of his detention." Id. at *7. The Court construed § 1226(a) as *requiring* the Attorney General to provide the alien with a hearing and release Petitioner on bond unless the "government establishes that he is a flight risk or will be a danger to the community." Id., *quoting* Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir.2005).

In this case as in Casas-Castrillon, it cannot be ascertained from the record whether Petitioner has been afforded an adequate opportunity to challenge the necessity of his detention. The only evidence in the record shows Petitioner was provided two file reviews, one in October of 2006 and one in October of 2007.[2] The extent of Petitioner's participation in the file review is unclear and it is not known whether he was given the opportunity to challenge the necessity of his detention. Therefore, consistent with Casas-Castrillon, this Court recommends that the writ be granted, unless the government provides Petitioner with "'a hearing . . . before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community,' or shows that he has already received such a bond hearing." 2008 WL 2902026, *8, *quoting*, Tijani, 430 F.3d at 1242.

## RECOMMENDATION

The Court hereby RECOMMENDS that the petition for writ of habeas corpus be GRANTED

---

[2] The Court notes that Petitioner was also given a bond hearing in March of 2005; however, the IJ denied Petitioner release on bond because he determined Petitioner was in the class of detainees who are to be mandatorily detained pursuant to § 1226(c). Therefore, the inquiry set forth above, i.e., whether detention is necessary because Petitioner is a flight risk or will be a danger to the community, never occurred.

1  unless, within 60 days, the government provides Petitioner with a hearing before an Immigration
2  Judge with the power to grant him bail unless the government establishes that he is a flight risk or
3  will be a danger to the community, or shows that he has already received such a bond hearing.
4      These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii,
5  United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-
6  304 of the Local Rules of Practice for the United States District Court, Eastern District of California.
7  Within thirty (30) days after being served with a copy, any party may file written objections with the
8  Court and serve a copy on all parties. Such a document should be captioned "Objections to
9  Magistrate Judge's Findings and Recommendations." Replies to objections, if any, must be filed
10 within ten (10) court days after service of the objections. The Court will then review the Magistrate
11 Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file
12 objections within the specified time may waive the right to appeal the District Court's order.
13 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15      IT IS SO ORDERED.
16      Dated:   **August 29, 2008**            /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE